UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN STEPTOE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-3427 |
| § | |
| JPMORGAN CHASE BANK NA, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Steven Steptoe's ("Steptoe") Motion for Leave to Amend Pleadings (Doc. 16), in which Plaintiff requests adding to his Original Petition (Doc. 1-2) a cause of action for common law fraud. Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC ("JPMC"), filed a Response in Opposition (Doc. 19).

Having considered the motion and the response thereto, the record before the Court, and the applicable law, the Court finds that the motion should be denied.

I. Background

On August 26, 2011, Plaintiff filed his Original Petition in the District Court of Harris County, Texas, alleging violations of the Texas Constitution and requesting declaratory and injunctive relief. On September 21, 2011, Defendant filed its Notice of Removal (Doc. 1) to this Court.

On January 18, 2012, the parties took part in a scheduling conference, and on January 20, 2012, this Court issued a Scheduling Order (Doc. 8) listing deadlines of March 2, 2012, for filing motions for leave to amend pleadings, and September 8, 2012, to complete discovery. After completion of discovery, on October 31, 2012, Defendant filed a motion for summary judgment

(Doc. 15), and on November 15, 2012, Plaintiff filed his Motion for Leave to Amend Pleadings.

### II. Legal Standard

After a scheduling order's deadline for amending pleadings has expired, requests for leave to amend are governed by Federal Rule of Civil Procedure 16(b). *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Under this rule, a scheduling order "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and good cause requires showing "that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Four factors are relevant to making this determination: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

### III. Analysis

In his motion, Plaintiff makes the conclusory statement that he "[has] been diligent in amending [his] pleadings," supported only by the explanation that he "only recently determined the need to add common law fraud in response to JPMC's Motion for Summary Judgment." Pl.'s Mot. ¶ 7. This simply is not a legitimate explanation for Plaintiff's delay. Filing the motion to amend fifteen months after the complaint, eight months after the scheduling order's deadline, two months after the completion of discovery, and only upon the unintended prompting by Defendant through its motion for summary judgment, is not evidence of diligence. Nor does it support the proposition that the deadline could not reasonably have been met.

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order" and will modify it only upon a showing of good cause. *Sw. Bell*, 346 F.3d at 547-48. As

good cause has not been demonstrated in this case, modification of the deadline to amend pleadings should be disallowed and the Motion for Leave to Amend Pleadings should be denied.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion is DENIED and the First Amended Complaint (Doc. 17) is stricken from the record.

SIGNED at Houston, Texas, this 12th day of January, 2013.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE